IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNIVERSAL FURNITURE INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No.: _____ |
| v. | ) ) |
| COLLEZIONE EUROPA USA, INC., | ) **1:04CV00977** ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Universal Furniture International, Inc. ("UFI"), for its complaint against Defendant Collezione Europa USA, Inc. ("CEU"), states and alleges the following:

### SUBSTANCE OF THE ACTION

1. This is an action at law and in equity for false designations of origin under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq.; for copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 et seq.; for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and for unfair competition under North Carolina common law. This action arises by reason of CEU's unauthorized procurement of items of furniture, or substantially similar copies thereof, from two current UFI furniture collections, identified more specifically below; the unauthorized public display, offering for sale, and sale of such items of furniture in CEU's showroom, at the October 2004 International Home Furnishings Market in High Point, North Carolina; and CEU's reproduction and distribution, or imminent reproduction and distribution, of these

collections, and/or creation and distribution, or imminent creation and distribution, of derivative works based thereon, for sale to the public. UFI seeks injunctive relief, recovery of UFI's actual damages, an accounting of CEU's profits from its unlawful activities, and additional relief set forth below.

## THE PARTIES

2. UFI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4190 Eagle Hill Drive, High Point, North Carolina 27265.

3. Upon information and belief, CEU is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in Englewood, New Jersey. CEU is registered to do business in the State of North Carolina; maintains business facilities within the State of North Carolina; and conducts business in the State of North Carolina, including in this judicial district, by advertising, offering for sale, and selling furniture products in this state and in this district.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this suit arises under the federal Lanham Act and the federal Copyright Act. This Court has jurisdiction over UFI's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. This Court has personal jurisdiction over CEU because CEU transacts business within this state and has caused and continues to cause tortious injury to UFI within this

state, and because a substantial part of the events giving rise to the claims occurred in this state.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) because CEU resides and does business in this district, a substantial part of the events giving rise to the claims occurred in this district, and CEU or its agent may be found in this district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. UFI is a manufacturer and wholesaler of fine home furnishings, and is renowned for producing furniture with highly distinctive designs that contain creative selections of skillfully crafted ornamental and decorative features.

8. In 2000, UFI retained professional furniture design firm Norman Hekler Design, Inc. ("Norman Hekler") to create a new collection of dining room and bedroom furniture containing a complementary series of ornamental sculptures and carvings. During the summer and fall of 2000, Norman Hekler produced sketches and detailed technical drawings for the collection, which became known as the "Grand Inheritance Collection" UFI has offered the Grand Inheritance Collection for sale publicly since April of 2001.

9. Among the most distinctive and valuable features of the Grand Inheritance Collection is the selection and combination of particular ornamental sculptures and carvings (the "Grand Inheritance Designs") that appear on the pieces of furniture within the Collection. In creating the Grand Inheritance Designs, Norman Hekler selected, coordinated, and arranged numerous ornamental design elements, some of which are original creations of

3

Norman Hekler and others of which are Norman Hekler's original adaptations of preexisting public domain designs from a variety of traditional design influences.

10. Norman Hekler has duly assigned and conveyed to UFI by written assignment all right, title and interest, including all copyrights, in and to the Grand Inheritance Designs and the Grand Inheritance Collection. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the Grand Inheritance Designs.

11. The Grand Inheritance Designs are original works of authorship, embodying copyrightable subject matter, and are subject to the full protection of the U.S. Copyright laws. The copyrightable aspects of the Grand Inheritance Designs include numerous ornamental sculptures and carvings, including both original patterns and patterns adapted from preexisting works, appearing on the items of furniture, as well as Norman Hekler's original selection, coordination, and arrangement of the ornamental sculptures and carvings to be included within the Grand Inheritance Collection.

12. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the Grand Inheritance Designs.

13. UFI has applied for and obtained from the United States Copyright Office a copyright registration for the Grand Inheritance Designs bearing registration number VA1-169-932. The effective date of registration for the copyright covering the Grand Inheritance Designs is May 1, 2003. Universal has also obtained a supplementary copyright registration for the Grand Inheritance Designs, bearing registration number VA1-188-951, which

amplifies the previously issued registration in several respects. The effective date of registration for the supplementary application is July 3, 2003.

14. At UFI's request, Norman Heckler also designed a line of furniture for UFI called the "English Manor Collection." The English Manor Collection similarly contained a complementary selection, coordination, and arrangement of ornamental sculptures and carvings. UFI has offered the English Manor Collection for sale publicly since March 2002.

15. The English Manor Collection, like Grand Inheritance, incorporates a selection and combination of particular ornamental sculptures and carvings (the "English Manor Designs") that appear on the pieces of furniture within the Collection. In creating the English Manor Designs, Norman Hekler selected, coordinated, and arranged numerous ornamental design elements, some of which are original creations of Norman Hekler and others of which are Norman Hekler's original adaptations of preexisting public domain designs from a variety of traditional design influences.

16. Norman Hekler has duly assigned and conveyed to UFI by written assignment all right, title and interest, including all copyrights, in and to the English Manor Designs and the English Manor Collection. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the English Manor Designs.

17. The English Manor Designs are original works of authorship, embodying copyrightable subject matter, and are subject to the full protection of the U.S. Copyright laws. The copyrightable aspects of the English Manor Designs include numerous ornamental sculptures and carvings, including both original patterns and patterns adapted from

5

preexisting works, appearing on the items of furniture, as well as Norman Hekler's original selection, coordination, and arrangement of the ornamental sculptures and carvings to be included within the English Manor Collection.

18. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the English Manor Designs.

19. UFI has applied for and obtained from the United States Copyright Office a copyright registration for the English Manor Designs, and the compilation thereof within the English Manor Collection, bearing registration number VA1-227-506. The effective date of registration for the copyright covering the English Manor Designs is November 14, 2003.

20. Upon information and belief, CEU, without permission or authorization from UFI, undertook to obtain, and did obtain, through wrongful and deceptive means numerous items of furniture within the Grand Inheritance Collection and the English Manor Collection, or substantially similar copies thereof. CEU then publicly displayed those items of furniture in CEU's showroom during the October 2004 International Home Furnishings Market in High Point, North Carolina, and began displaying, offering for sale, and selling these items of furniture as though they were collections and designs of CEU, all without authorization from UFI.

21. Upon information and belief, CEU intends to reproduce, or has already reproduced, pieces of furniture within UFI's Grand Inheritance and the English Manor Collections, and the copyrighted Designs incorporated within such Collections. CEU is offering for sale and, on information and belief selling, reproductions of those UFI pieces of

6

Case 1:04-cv-00977-WO-PTS   Document 1   Filed 10/22/04   Page 6 of 14

furniture as though they were CEU's own; and/or is creating unauthorized derivative works based on UFI's furniture for sale to the public.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin)

22. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

23. CEU's conduct, as described above, is likely to cause confusion, to cause mistake, and/or to deceive the public as to the origin of the furniture products displayed in CEU's showroom and incorporating the Grand Inheritance Designs and the English Manor Designs. Because of such conduct, members of the public are likely to believe that CEU is the source of such products when, in fact, it is not.

24. CEU's conduct, as described above, constitutes the use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, CEU's conduct described above was intentionally devised to deceive consumers, and to pass off UFI's products as those of CEU.

26. UFI has been and will be injured as a direct and proximate result of CEU's false designations of origin in that UFI has been deprived of the opportunity to earn future sales and profits. In addition, CEU has been unjustly enriched, and will be unjustly enriched, by reason of its false designations of origin, in that CEU has achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct. The total amount of damages that UFI has sustained or will sustain, and the

total amount by which CEU has been or will be unjustly enriched, will be proved at trial. Such damages should be trebled pursuant to 15 U.S.C. § 1117(a).

27. This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and UFI is therefore entitled to recover its attorney fees from CEU. Pursuant to 15 U.S.C. § 1117(a), UFI is also entitled to recover its costs of suit.

28. CEU's false designations of origin also have caused and will continue to cause irreparable and inherently unquantifiable injury and harm to UFI's business, unless and until such activity by CEU is enjoined. UFI is therefore entitled to a temporary restraining order, and to preliminary and permanent injunctive relief against CEU.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

29. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

30. CEU had access to the Grand Inheritance Designs and the English Manor Designs by virtue of the fact that furniture bearing the Grand Inheritance Designs and the English Manor Designs are in circulation among the public, are available for sale to the public, and are available for viewing by UFI's competitors, including CEU, and the general public. CEU also, on information and belief, gained access to UFI's furniture through wrongful and deceptive means.

31. UFI did not authorize CEU to reproduce the Grand Inheritance Designs, nor the English Manor Designs, nor to display reproductions of such Designs, nor did UFI authorize CEU to create any derivative works based on the Designs.

8

32. Upon information and belief, CEU has knowingly and willfully displayed and offered for sale pieces of furniture within UFI's Grand Inheritance and English Manor Designs to the public, has reproduced or intends to reproduce such Designs, has created or intends to create derivative works based on such Designs, and has offered for sale and sold such reproductions and derivative works to the public, all in violation of the Copyright Act, 17 U.S.C. § 501.

33. UFI has been and will be injured as a direct and proximate result of CEU's copyright infringement in that UFI has been deprived of sales and profits. In addition, CEU has been unjustly enriched, and will be unjustly enriched, by reason of its copyright infringement, in that CEU has achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct. The total amount of damages that UFI has sustained or will sustain, and the total amount by which CEU has been or will be unjustly enriched, will be proved at trial.

34. As a result of CEU's acts of infringement alleged herein and in accordance with Section 504 of the Copyright Act, 17 U.S.C. § 504, UFI is entitled to recover from CEU the damages it has sustained and will sustain, and any profits obtained by CEU. At present, the amount of such damages and profits cannot be fully ascertained by UFI, but will be proved at trial.

35. Pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, UFI is entitled to injunctive relief to prevent CEU from further copyright infringements of UFI's copyrighted Designs.

9

Case 1:04-cv-00977-WO-PTS   Document 1   Filed 10/22/04   Page 9 of 14

## THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1)

36. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

37. CEU's conduct alleged herein is in commerce and affects commerce in the State of North Carolina, and has a tendency to deceive and mislead.

38. CEU's conduct as described above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1.

39. UFI has been and will be injured as a direct and proximate result of CEU's unfair and deceptive acts and practices in that UFI has been deprived of the opportunity to earn future sales and profits. In addition, CEU has been unjustly enriched, and will be unjustly enriched, by reason of its unfair and deceptive acts and practices, in that CEU has achieved or will achieve sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct. The total amount of damages that UFI has sustained or will sustain, and the total amount by which CEU has been or will be unjustly enriched, will be proved at trial. Such damages should be trebled pursuant to N.C. Gen. Stat. § 75-16.

40. CEU has willfully engaged in the acts and practices alleged above, and there has been an unwarranted refusal by CEU to resolve the matters that constitute the basis of the present suit, justifying an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

41. CEU's unfair methods of competition, and unfair and deceptive trade practices, also has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to UFI's business unless such activity by CEU is enjoined.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

42. The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

43. CEU's conduct alleged herein constitutes unfair competition in violation of the common law of the State of North Carolina.

44. UFI has been injured, and will continue to be injured, by reason of CEU's unfair competition in that UFI has been deprived of the opportunity to earn future sales and profits as a direct and proximate result of the illegal conduct of CEU. In addition, CEU has been unjustly enriched by reason of its unfair competition in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct. The total amount of damages that UFI has sustained or will sustain, and the total amount by which CEU has been or will be unjustly enriched, will be proved at trial.

45. The conduct of CEU alleged herein was willful or wanton in nature, demonstrating a willful disregard for UFI's rights. Such willful and wanton conduct is related to the injuries UFI has suffered, justifying an award of punitive damages pursuant to N.C. Gen. Stat. § 1D-15.

46. CEU's unfair competition also has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to UFI's business unless such activity by CEU is enjoined.

**WHEREFORE**, UFI prays for relief as follows:

1. That CEU, each of its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with CEU, be preliminarily and permanently enjoined from:

   (a) imitating, copying, using, reproducing, displaying, creating derivative works of, or authorizing any third party to imitate, copy, use, reproduce, display, or create derivative works of UFI's Grand Inheritance Designs and English Manor Designs, in any manner, medium, or form, or otherwise passing off UFI's products as those of CEU and/or otherwise infringing UFI's copyrights in such Designs; and

   (b) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above;

2. That CEU, and those in concert or participation with it, be directed to deliver up to UFI within five (5) days of entry of judgment, or at such earlier time as the Court may order, all brochures, catalogs, packaging, labels, headers, tags, cards, drawings, designs, screens, films, plates, cylinders, masters, advertisements, promotional materials, displays, literature, websites, photographs, and all other matter in its possession, custody, or control, incorporating, featuring, or bearing any simulations, variations, colorable imitations, alterations, or mutilations of UFI's Grand Inheritance Designs and English Manor Designs, or any materials that could be used to reproduce infringing material substantially similar to such Designs;

3. That CEU be directed to file with the Court and serve upon UFI's counsel within thirty (30) days after entry of such judgment, or at such earlier time as the Court may order, a

report in writing under oath, setting forth in detail the manner and form in which CEU has complied with the above;

4. That UFI have and recover of CEU such actual damages as UFI may prove at trial or, in the alternative, that CEU account to UFI for all unauthorized sales of furniture products incorporating the Grand Inheritance Designs and/or the English Manor Designs, and all profits derived therefrom;

5. That such damages to which UFI is entitled be trebled pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16;

6. That, in the alternative to treble damages, UFI have and recover punitive damages from CEU;

7. That the costs of this action, including a reasonable attorneys' fee for UFI's attorneys, be taxed against CEU;

8. That UFI be awarded interest, including prejudgment interest, on the foregoing sums;

9. That UFI have and receive a jury trial on all issues so triable; and

10. That UFI be awarded such other and further relief as the Court may deem just and proper.

This the 22nd day of October, 2004.

KILPATRICK STOCKTON LLP

_____
George L. Little Jr.
   North Carolina State Bar No. 2753
William M. Bryner
   North Carolina State Bar No. 23022
W. Swain Wood
   North Carolina State Bar No. 32037

1001 West Fourth Street
Winston-Salem, NC 27101
336.607.7300 (telephone)
336.607.7500 (facsimile)

Attorneys for Plaintiff
Universal Furniture International, Inc.

9198:49184-262161
WINLIB01:1100590.2