IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNIVERSAL FURNITURE INTERNATIONAL, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> COLLEZIONE EUROPA USA, INC., <br><br> *Defendant.* | Case No. 1:04CV00977 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND IN SUPPORT OF MOTION TO STAY ANY INJUNCTION PENDING APPEAL**

Defendant Collezione Europa U.S.A., Inc. ("Collezione") respectfully submits this brief in opposition to Plaintiff's motion for permanent injunction, and in support of its motion to stay any injunction granted pending an appeal to the Court of Appeals for the Fourth Circuit.

*Nature of the Matter Before the Court*

Plaintiff filed a Complaint against Collezione on October 22, 2004, in the United States District Court for the Middle District of North Carolina, alleging, *inter alia*, copyright infringement based on its copyright registrations for the Grand Inheritance and English Manor furniture collections and reverse passing off based on the alleged display by Collezione of the English Manor furniture in its showroom.

Seven months after filing its Complaint, Plaintiff unsuccessfully moved for a preliminary injunction to prevent Collezione from marketing, selling or making its

1

20,000 and 20,200 furniture collections. This Court denied Plaintiff's preliminary injunction motion on the basis that there was no likelihood of success on the merits that Plaintiff owned a valid copyright. Specifically, this Court determined that Plaintiff's copyrights directed to the compilations of pre-existing design elements on furniture were not conceptually separable from the furniture.

Plaintiff appealed the denial of the Preliminary Injunction to the Court of Appeals for the Fourth Circuit, which affirmed the denial of the preliminary injunction on August 29, 2006. *See, Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 2006 WL 2491201 (4th Cir. 2006).

On June 23, 2006, both parties moved for summary judgment. Collezione sought summary judgment against Plaintiff on all of Plaintiff's claims, arguing that Plaintiff's copyrights are invalid and not infringed, that Plaintiff's false designation of origin claim fails as a matter of law, and that Plaintiff's state law claims are preempted by U.S. Copyright Law. Plaintiff proffered the exact same evidence on summary judgment as in the preliminary injunction proceeding, namely, the identical declaration of its designer, Steven Russell. The Honorable Magistrate Judge Trevor Sharp entered his Recommendation on the parties summary judgment motions on February 6, 2007 finding Plaintiff's copyrights invalid, dismissing Plaintiff's copyright claims and dismissing Collezione's counterclaims 1, 3 and 4-11. The Magistrate Judge also recommended that Collezione's motion for summary judgment be denied as to Plaintiff's Lanham Act and state law claims. Collezione filed Objections to the later portion of the Magistrate's

Recommendation, arguing the Lanham Act and state law claims should also be dismissed.

Even though the Fourth Circuit Court of Appeals had already received the same evidence before the Court on summary judgment and decided that Plaintiff's purported copyrights in furniture designs were invalid, on April 26, 2007, the Honorable Judge Tilley entered a decision rejecting the Magistrate's Recommendation that granted summary judgment to Collezione with respect to copyright infringement. Shortly after this decision, this case went to trial before the Honorable Judge Osteen.

On September 14, 2007, this Court issued its post-trial Findings of Fact and Conclusions of Law ("FFCL") finding (1) Collezione had infringed Plaintiff's copyrights; (2) Collezione had passed off Plaintiff's furniture as its own, in violation of the Lanham Act; and (3) Collezione's violation of the Lanham Act also constitutes an unfair and deceptive trade practice in violation of N.C Gen. Stat. §75-1.1. After both parties rested their case and despite hearing argument and entering evidence regarding damages, and there being no prior order bifurcating trial, the Court made no determination as to a monetary award to Plaintiff and requested a hearing regarding the same. Plaintiff filed a Motion for Permanent Injunction on September 18, 2007.

3

## *Argument*

### I. A Permanent Injunction Is Not Warranted

A permanent injunction may be issued only upon actual success on the merits, not merely a likelihood of success on the merits as is required for preliminary relief. *Amoco Production Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 (1987). A plaintiff requesting a permanent injunction must also satisfy a four-factor test before a court may grant such relief. Specifically, the Plaintiff must prove: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that the threatened injury outweighs any damage the injunction might cause the non-moving party; and (4) the public interest would not be disserved by a permanent injunction. *Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007).

Collezione intends on appealing this Court's determination and, based on the established precedent set by the Fourth Circuit earlier in this case, respectfully submits that the Fourth Circuit will reverse this decision in its entirety. Given the strength of Collezione's grounds for appeal, Plaintiff is unlikely to actually succeed on the merits. (*See infra, Section II.A*). Therefore, issuance of permanent injunctive relief is not warranted.

4

## II. Any Granted Injunction Should Be Stayed Pending A Decision On Appeal

However, should the Court grant Plaintiff's motion and permanently enjoin Collezione from selling its 20,000 and 20,200 furniture, Collezione respectfully moves to stay any such injunction pending a decision by the Court of Appeals for the Fourth Circuit. Under Rule 62(c) of the Federal Rules of Civil Procedure, the Court must apply a four prong test to determine whether a stay is appropriate: (1) whether defendant has made a strong showing that it is likely to succeed on the merits; (2) whether defendant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure plaintiff; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). All four factors favor a stay in this case.

### A. Collezione is Likely to Succeed on the Merits

Defendant is likely to succeed on the merits of its appeal based upon the following grounds: (1) the Court's failure to apply law of the case; (2) improper application of the standard for conceptual separability set forth by the Court of Appeals for the Fourth Circuit earlier in this case; (3) improper finding of originality based on the placement of public domain designs on furniture; (4) failure to properly apply the substantial similarity test, by for example, failing to recognize that Plaintiff's copyrights were entitled to thin copyright protection as set forth in *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991); (5) improper finding of ownership of the copyright registrations; (6) improper application of the Supreme Court's decision in *Dastar Corp. v. Twentieth*

*Century Fox Film Corp.*, 539 U.S. 23 (2003); (7) assumption of facts that were never introduced or proven at trial, such as, for example, consumer confusion or harm to Plaintiff based on the alleged display of the English Manor furniture by Collezione at its showroom; and (8) improperly concluding that Plaintiff's overall furniture was copyrightable.

 1. <u>The Court Ignored Law of the Case</u>

The Court's determination set forth in the Findings of Fact and Conclusions of Law is likely to be reversed because the Court ignored law of the case. For instance, the Court found that Universal was entitled to a presumption of validity for its purported copyrights (FFCL, pgs. 7-10) even though the Fourth Circuit in its prior decision specifically determined that the presumption had been rebutted. *See, Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 2006 WL 2491201, *3 (4th Cir. 2006). In the prior decision, the Fourth Circuit stated the well-known, legal standard that useful articles as a whole, such as furniture, are not eligible for copyright protection. *Id.* Rather, as the Fourth Circuit clearly stated, elements may be eligible for copyright protection only if they are original and only if they can be identified separately from, and are capable of existing independently of the utilitarian aspects of the furniture. *Id.* The Court however, found plaintiff's "furniture" copyrightable, and not specific elements or compilations thereof as required. FFCL, pg. 14, 17, 22, *passim*.

### 2. The Court Misapplied the Conceptual Separability Test

The Court misapplied the conceptual separability test set forth by the Fourth Circuit. In its prior decision, the Fourth Circuit held that a compilation of design elements on furniture is not copyrightable if it is not an original work *and* conceptually separable from the useful article's functionality. *Universal Furniture Intern., Inc*, 2006 WL 2491201 at *3. Despite the Fourth Circuit's clear annunciation of the conceptual separability requirement, the Court never applied a conceptual separability test to the asserted compilations. *See,* FFCL, pg. 16 ("there is sufficient basis to find that the decorative *elements* adorning the furniture...are conceptually separable from the furniture's utilitarian function."). Instead, the Court applied the conceptual separability test, albeit the incorrect conceptual separability test, to the individual design elements only, even though these design elements were taken from the public domain. *See,* FFCL, pgs. 15-17.

### 3. The Court Improperly Found that Plaintiff's Furniture was Original

The Court erred as a matter of law in finding that the furniture designs were original, despite acknowledging that "many, if not all" of the decorative designs were in the public domain. *See,* FFCL, pg. 13. Collezione clearly established during trial that all of the designs on the asserted furniture were copied from the public domain (Russell II Tr. 15:20 – 17:24; Moser Tr. 70:11-13, 145:23 – 147:25, 152:16-153:14, 56-57). Because such design elements were not created independently, they of course cannot be original. *Feist Publ'n, Inc,* 499 U.S. at 345 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works)...").

7

Furthermore, the Court improperly relied on the placement of public domain design elements on specific areas of the furniture where the designer "had never seen it done before" to find that Universal's furniture was original. FFCL, pg. 13. Because the placement of old elements into a utilitarian article does not make the element original, and the placement of a copied public domain element onto furniture cannot be separated from the furniture itself, and thus cannot be conceptually separable, this Court's finding will be reversed on appeal. *See, e.g., L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir. 1976) (translation of public domain element onto a different medium does not constitute the required originality for copyright protection).

    4. <u>The Court Misapplied the Substantial Similarity Test</u>

The Court misapplied the substantial similarity test. The substantial similarity analysis should be guided by the proposition that the *sine qua non* of copyright is originality. *See, Comins v. Discovery Comm., Inc.*, 200 F.Supp.2d 512, 518 (D.Md. 2002), *citing, Feist Publ'ns, Inc.*, 499 U.S. at 345. Thus, substantial similarity must be based on the similarity of the copyright-protected elements only (i.e., original *and* conceptually separable elements). Accordingly, the Court should have isolated the protectable expression in the copyrighted work and then determined whether there was substantial similarities between that protected expression and the Defendant's work. *Comins*, 200 F.Supp.2d at 518. Instead, the Court improperly compared the overall look of the furniture (i.e., the shape, height, overall feel). *See,* FFCL pgs. 22-29.

8

Regarding the substantial similarity of compilations, the Court failed to recognize that compilations are entitled to *thin* copyright protection. *Feist*, 499 U.S. at 348; *Key Publications, Inc. v. Chinatown Today Publishing Enterprises, Inc.*, 945 F.2d 509, 514 (2d Cir. 1991). Due to the thin protection afforded, the district court should have acknowledged that if the individual elements comprising the compilation are not the same, then the compilations are not substantially similar. *Well-Made Toy Mfg Corp.*, 210 F.Supp.2d 147, 163 (E.D.N.Y. 2002); *Key Publications, Inc.*, 945 F.2d at 514. Instead, the Court improperly compared the overall compilations.

### 5. The Court Improperly Found that Plaintiff Owns the Asserted Copyright Registrations

The Court's findings relating to ownership are clearly erroneous. The Court misstated dates, misread agreements, and mixed up predecessor companies, completely obliterating the alleged chain of title between the designer and Plaintiff.

### 6. The Court Misapplied the Supreme Court's Decision in Dastar

The Court improperly applied the Supreme Court's precedent in *Dastar*. Specifically, the Court found reverse passing off based on the design and appearance of the furniture, and not the "origin" of the goods as required by *Dastar*. *See,* FFCL, pg. 35 ("Defendant marketed the furniture as either its own collection or a collection manufactured by Art Heritage for Defendant instead of crediting Plaintiff with the ***design*** of the collection.") (emphasis added). The district court also improperly concluded that Universal was the "origin" of the goods by finding that the manufacturer of the furniture, LaquerCraft, is

9

Universal's "sister corporation," even though there is no evidence of an exclusive manufacturing agreement. (Hsu Tr. 110:5 – 111:5).

       7.     The Court Found Reverse Passing Off Despite a Complete Lack of Evidence Proving Harm and Likelihood of Confusion

There was a complete lack of evidence to support the Court's finding of reverse passing off. Specifically, Plaintiff offered no evidence of likelihood of confusion *and* no evidence of harm, both of which the Plaintiff was required to prove in order to succeed on its reverse passing off claim. To the contrary, Plaintiff admittedly suffered no harm as a result of Collezione's alleged actions, as evidenced by Plaintiff's waiver of any and all right to recover lost profits and failure to identify any lost customers at trial. However, the Court proceeded to find that Plaintiff suffered harm "in the form of lost profits" based solely on speculation. FFCL, pg. 37.

       8.     The Court Improperly Found that the Overall Appearance of Plaintiff's Furniture Was Original and Copyrightable

Finally, as a result of the Court's disregard of the law of the case, repeated mistaken legal analyses and erroneous findings of fact, the Court found that the *overall appearance* of Plaintiff's furniture was copyrightable, when for example, the entire chair was taken from the public domain. Such a finding conflicts directly with the law of the case and the statutory language of the Copyright Act.

**B.    Collezione will be Irreparably Injured by the Issuance of a Permanent Injunction Absent a Stay**

If this Court grants Plaintiff's motion for a permanent injunction and denies Collezione's motion to stay any such injunction pending appeal, the future sale of

furniture in Collezione's 20,000 and 20,200 furniture collections will be in serious jeopardy. An injunction against Collezione would effectively destroy the market for this furniture and severely damage Collezione's reputation with its customers that have pending orders. (Declaration of Paul Frankel dated October 9, 2007 ("Frankel Decl"), ¶¶4-7). The requested injunction would foreclose Collezione from producing and marketing two lines of its furniture and would impact Collezione's total business. (*Id.* at ¶7). *See, Continental Distributing Co. v. Somerset Importers*, 411 F.Supp. 754, 757 (N.D.Ill. 1976) (loss of 5 to 7% of company's total sales in important product line is sufficient to show irreparable injury).

If Collezione is not permitted to sell its 20,000 and 20,200 furniture, it would need to cancel and/or recall all of its outstanding orders with its U.S. customers and oversea source(s). (*Id.* at ¶5). By doing so, Collezione's reputation in the marketplace as a source of affordable furniture will be harmed. (*Id.*). Although the impact on Collezione if it was barred from filling these orders would be substantial to its business, the damage would be irreparable because it is not quantifiable. If Collezione is not permitted to sell this furniture, it also creates a hardship on Collezione's retailer customers. (*Id.* at ¶6). Some of these retailers have already received floor samples and taken order deposits from end users. (*Id.*). If Collezione fails to fulfill purchase orders to its retailers, some of these retailers will not wish to purchase any furniture from Collezione again in the future. (*Id.*).

### C. Plaintiff Will Not Be Irreparably Injured or Otherwise Harmed by Denial or Stay of a Permanent Injunction

Denying Plaintiff's motion for preliminary injunction, or granting a stay of any

11

Case 1:04-cv-00977-WO-PTS   Document 207   Filed 10/11/07   Page 11 of 15

such injunction would not irreparably injure or harm Plaintiff. There is no evidence in the record before the Court to support a finding that Plaintiff has suffered or will suffer any future economic or non-economic harm based on the sale of the redesigned 20,000 and 20,200 furniture by Collezione. Instead, Plaintiff relies solely on speculation in support of its burden to prove irreparable harm.

Plaintiff offered no witness or evidence to show that sales of the Grand Inheritance or English Manor furniture collections deteriorated as a result of the sale of the 20,000 and 20,200 furniture by Collezione. Moreover, at no time during discovery or at trial did Plaintiff establish that the sale of the redesigned 20,000 or 20,200 furniture by Collezione was affecting Plaintiff's business in any way. Plaintiff could not even identify a single customer it lost because of Collezione's conduct. (Hsu Tr. 91:9-92:24).

There is also a complete lack of any evidence establishing that Plaintiff suffered, for example, any advertising injury, loss of reputation, loss of goodwill, loss of market share, or any similar loss that was caused by Collezione's alleged conduct. *Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*, 457 F.3d 1269, 1278-79 (Fed. Cir. 2006); *Danielson, Inc. v. Winchester-Conant Properties*, 322 F.3d 26, 45-46 (1st Cir. 2003). Any argument to the contrary is pure speculation. Plaintiff also failed to prove that it is in position to compete in Collezione's market, and delaying application of injunctive relief pending appeal imposes lesser hardship on Plaintiff than an injunction would impose on Collezione and its business.

Finally, *Plaintiff withdrew its claim for damages based on lost sales in this*

*action.*[1] Therefore, any harm to Plaintiff at this point is purely quantitative in the form of Collezione's profits, which are easily calculated based on the uncontested summaries provided by Collezione at trial. Thus, *Plaintiff's injury could be redressed through money damages should plaintiff ultimately prevail after appellate review*, making permanent injunctive relief improper. Plaintiff has failed to carry its burden that it has suffered irreparable harm, as necessary to justify the imposition of the extraordinary relief of a permanent injunction pending an appeal to the Fourth Circuit. In actuality, Plaintiff failed to establish that it suffered *any harm at all*, as a result of the display or sale of the original or redesigned versions of the 20,000 and 20,200 furniture.

### D. The Public Interest Would Not Be Served By A Permanent Injunction

Plaintiff accuses Collezione of doing the same exact thing that it did in designing its furniture, namely, using traditional designs in the public domain on its furniture. However, Plaintiff took an additional step and attempts to preclude others from using these public domain design elements, which have been used on furniture for centuries, by filing copyright registrations on a collection of these design elements. Plaintiff attempts to seek a monopoly on an industrial design of furniture by simply combining public domain elements and including them in their customary location on furniture. The public clearly has an interest in being able to freely use design elements on furniture that have existed for centuries. U.S. Constitution, Article 8, Section 8, Clause 8. The public also has an interest in the dissemination of creative works. Denying Plaintiff's motion for

---

[1] Collezione respectfully submits that this Court improperly ignored its objections relating to any introduction of lost sales by Plaintiff at trial.

permanent injunction or, alternatively, staying any such injunction pending appeal will permit public access to two furniture collections at significantly lower prices for a longer period of time. Accordingly, the public interest in obtaining affordable furniture and using designs found in the public domain is preserved by denial of Plaintiff's motion for permanent injunction, or a stay of any injunction issued against Collezione.

## III. The Requested Permanent Injunction is Too Broad

Plaintiff's motion for a permanent injunction is too broad because, for example, it improperly seeks to enjoin Collezione from making and selling furniture. However, furniture is not protectable under U.S. Copyright Law and any injunction against the making and selling of furniture is not warranted.

### *Conclusion*

Plaintiff has failed to prove that it is entitled to a permanent injunction. Collezione has made a strong showing that it is likely to succeed on the merits on appeal. Moreover, Plaintiff has failed to prove that it suffered any harm, let alone the irreparable harm required for permanent injunctive relief, as a result of the display or sale of the original or redesigned versions of Collezione's 20,000 and 20,200 furniture. Rather, Collezione will suffer irreparably if a permanent injunction issues and its motion for a stay is denied. A permanent injunction will destroy the market for the 20,000 and 20,000 furniture collections and permanently damage Collezione's reputation in the eyes of its customers. Because Plaintiff withdrew its claim for damages based on lost sales in this action, any harm to Plaintiff is in the form of Collezione's profits. Thus, Plaintiff can be

adequately compensated through money damages should plaintiff ultimately prevail on appeal. Finally, a permanent injunction would disserve public interest by preventing access to high-quality, lower-priced furniture incorporating freely available, public domain designs.

Therefore, Collezione respectfully submits that Plaintiff's motion for a permanent injunction should be denied. However, should the Court grant Plaintiff's motion and issue a permanent injunction, a stay of the injunction pending appeal is warranted for the same reasons.

Dated: October 11, 2007　　　　　Respectfully submitted,

/s/ Nicholas Mesiti
Nicholas Mesiti
Brett M. Hutton
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
***Attorneys for Defendant***