IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNIVERSAL FURNITURE )
INTERNATIONAL, INC., )
)
    Plaintiff, )
)
    v. )    1:04CV00977
)
COLLEZIONE EUROPA USA, INC., )
)
    Defendant. )

ORDER

This motion is before this court[1] on Defendant's Motion to Strike the Trial Testimony of Thomas Moser Relating to Substantial Similarity and Comparisons to Public Domain References. The motion is denied as moot for two reasons.

First, the motion was filed prior to the entry of the court's Findings of Fact and Conclusions of Law issued on September 14, 2007. This motion relates to the evidence that was presented at trial. Because the court has entered its Findings of Fact and Conclusions of Law, an evidentiary objection is now moot.

Second, Collezione objects to Mr. Moser's testimony based on the contention that (1) the expert report submitted by Mr.

---

[1] The trial in this matter was held before the Honorable William L. Osteen, Sr. Judge Osteen, Sr. retired shortly after entry of the Findings of Fact and Conclusions of Law. This case has been reassigned to Judge Osteen, Jr. for resolution of the remaining issues.

Moser during discovery fails to meet the Daubert[2] reliability standard established by the Supreme Court, and (2) Mr. Moser's status as a purported expert in furniture design disqualifies him as an "ordinary purchaser" and prevents him from properly testifying on whether the furniture designs are substantially similar.

This court has reviewed the Findings of Fact and Conclusions of Law and notes that the testimony of Thomas Moser appears to have been rejected by the court in reaching its conclusion. Specifically, the trial court held as follows:

> Then, the court must decide "whether the works are 'intrinsically similar' in the sense that they express those ideas in a substantially similar manner from the perspective of the intended audience of the work." [Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001)] (citation omitted). Making such a determination requires the court to step in the shoes of an ordinary observer and "inquire into the total concept and feel of the works" as viewed by an ordinary observer. Id. (citation and internal quotations omitted); see also Durham Indus., 630 F.2d at 911-12 ("Substantial similarity is to be determined by the 'ordinary observer' test."). Judge Learned Hand defined this test stating that a substantial similarity exists when "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960)).
> . . . .
> The court, therefore, will make side by side comparisons to each piece.

---

[2] Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S. Ct. 2786 (1993).

(Findings of Fact and Conclusions of Law 20-22.)

In its decision, the court made extensive and detailed findings of fact. The findings show that the court performed its own determination of substantial similarity by "stepping into the shoes of an ordinary observer." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). By implication, the court either rejected the testimony of Thomas Moser or did not credit his testimony in making its findings. Either way, the testimony of Thomas Moser does not appear to have been used by the court in reaching its decision. Defendant's objection to the testimony is therefore moot.

For the foregoing reasons, Defendant's Motion to Strike the Trial Testimony of Thomas Moser Relating to Substantial Similarity and Comparisons to Public Domain References (Doc. No. 193) is **DENIED** as moot.

This the 30th day of November 2007.

/s/ William L. Osteen, Jr.
United States District Judge