IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNIVERSAL FURNITURE )
INTERNATIONAL, INC., )
 )
    Plaintiff, )
 )
    v. )      1:04CV00977
 )
COLLEZIONE EUROPA USA, INC., )
 )
    Defendant. )

<u>MEMORANDUM OPINION and ORDER</u>

OSTEEN, District Judge

This matter is before this court[1] on Plaintiff Universal Furniture International, Inc.'s ("UFI") Motion for Permanent Injunction and Defendant Collezione Europa USA, Inc.'s ("Collezione") Motion to Stay Any Injunction Pending Appeal. For the reasons set forth herein, this court will grant UFI's Motion for Permanent Injunction and will deny Collezione's Motion to Stay Any Injunction Pending Appeal.

**I.   FACTS**

The facts of this case are set out in detail in the Findings of Fact and Conclusions of Law filed by the district

---

[1] The trial in this matter was held before the Honorable William L. Osteen, Sr. Judge Osteen, Sr. retired shortly after entry of the Findings of Fact and Conclusions of Law. The case has been reassigned to Judge Osteen, Jr. for resolution of the remaining issues.

court on September 14, 2007, and those facts and conclusions are incorporated by reference in this opinion and order. As noted in its opinion, this court reserved ruling on a monetary award and final judgment. In the interim, the parties submitted their respective Motion for Permanent Injunction and Motion to Stay Any Injunction Pending Appeal and recommended that the court rule on these motions prior to setting a hearing on damages and entry of final judgment.

In considering the pending motions, this court has considered certain facts in addition to those set out in the Findings of Fact and Conclusions of Law. First, the Declaration of Paul Frankel states, *inter alia*, that Collezione has 85 pending orders for the furniture the district court found to infringe upon UFI's copyright, and that those orders will be repeated multiple times in the next 12 months. Mr. Frankel's declaration makes it clear that without the entry of an injunction, Collezione intends to continue selling the furniture previously determined as infringing and in violation of the Lanham Act.

Second, Collezione is known in the furniture industry as a company which imitates or knocks-off the designs of other furniture companies in order to provide lower cost alternatives to retail stores. (Findings of Fact and Conclusions of Law at

2

1-2.)  This court takes notice of the fact that Collezione has been a frequent litigator of intellectual property issues in the Middle District of North Carolina and has previously litigated issues similar to the issues in this case.  In one of those cases, <u>Bernhardt L.L.C. v. Collezione Europa</u>, 1:01CV00957, Collezione was held to have infringed on a furniture patent and damages were awarded to the plaintiff.  In another case, <u>Collezione Europa U.S.A., Inc. v. Hillsdale House, Ltd.</u>, 1:01CV00853, summary judgment was granted against Collezione, finding that Collezione had infringed on the copyright of Hillsdale House.  That case was subsequently settled before a final judgment was entered.  Nevertheless, it is clear that Collezione is aware of the risk that its method of business could constitute a violation of the intellectual property laws and the consequences of any such violation.  Collezione's violations in the present case were not the result of a misunderstanding or a lack of knowledge by Collezione as to the potential violations and consequences.

Third, as has been found previously, to avoid this copyright infringement suit, Collezione informed UFI it was redesigning the two lines of furniture and agreed to show the new designs to UFI for its review prior to marketing them to the public.  Collezione then displayed its redesign at the San

Francisco Furniture Market in January 2005 and advertised the two sets of furniture in Furniture Today magazine without providing UFI any notice. (Findings of Fact and Conclusions of Law at 5.) Collezione's willingness to comply with the law in recognition of Universal's rights appears questionable at best.

**II. ANALYSIS**

Plaintiff seeks a permanent injunction. A permanent injunction is an equitable remedy issued after the parties have had a trial on the merits. See Univ. of Tex. v. Camenisch, 451 U.S. 390, 396, 101 S. Ct. 1830, 1834 (1981). Injunctive relief is available through many different avenues in this case. The Copyright Act of 1976 provides that "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of Title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctive relief is also available under the Lanham Act, which provides that the courts "shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent a violation under subsections (a), (c), or (d) of section 43 [15 U.S.C. § 1125]." 15 U.S.C. § 1116(a).

Rule 65(d) of the Federal Rules of Civil Procedure requires

4

that every order granting an injunction set forth the reasons for its issuance and specifically detail its terms. To obtain a permanent injunction, the plaintiff must show the following:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007) (citing eBay Inc. v. Mercexchange, LLC, ___ U.S. ___, ___, 126 S. Ct. 1837, 1839 (2006)). Even upon the required showing, however, the decision whether to grant an injunction remains in the "equitable discretion of the court." Id. A court should only issue an injunction "where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S. Ct. 1798, 1803 (1982) (citing Cavanaugh v. Looney, 248 U.S. 453, 456 (1919)). Applying these principles to this case, the court finds that an injunction should be issued.

**A. Irreparable Injury and Inadequate Remedy at Law**

Plaintiff has suffered injury as a result of Collezione's copyright infringement, Lanham Act violations, and violations of the Unfair and Deceptive Trade Practices Act. Here, where

5

Collezione has made it clear that in the absence of an injunction it intends to continue marketing and selling its infringing products during the pendency of an appeal, there is no adequate remedy at law to prevent future infringement. "Various courts have held that when infringement occurs the copyright owner is entitled to an injunction provided that there is 'a substantial likelihood of further infringement.'" <u>Jobete Music Co. v. Media Broadcasting Corp.</u>, 713 F. Supp. 174, 179 (M.D.N.C. 1988) (citing <u>Milene Music v. Gotauco</u>, 551 F. Supp. 1288, 1295 (D.R.I. 1982)). As the Fourth Circuit noted in <u>Phelps</u>, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." <u>Phelps</u>, 492 F.3d at 544. In explaining why injunctive relief can be an appropriate remedy in copyright infringement cases, the court reasoned that "while the calculation of future damages and profits for each future sale might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible." <u>Id.</u>

    In this case, UFI suffered harm in the form of lost profits from Collezione's display of the English Manor furniture. Collezione's sale of infringing furniture deprived UFI of the opportunity to make sales and earn profits. If not enjoined,

6

there is a strong likelihood these acts will continue. Accordingly, this court finds that Plaintiff will suffer irreparable harm and that the remedies at law are inadequate.

**B. The Balance of Hardships Between UFI and Collezione**

Plaintiff contends that an injunction is necessary to prevent further injury to Plaintiff from consumer confusion in the marketplace, Collezione's unfair trade practices, and the weakening of Plaintiff's position in the marketplace. Collezione argues that an injunction would cause undue hardship because it would destroy the market for Collezione's furniture and severely damage its reputation.

This court has found that Collezione's sale and display of certain pieces of furniture violated the Lanham Act, the Copyright Act of 1976, and the North Carolina Unfair and Deceptive Trade Practices Act. A prohibition placed on Collezione that prevents it from selling and displaying infringing furniture does not constitute a hardship. Collezione has no right to continue to engage in activity that this court has found to violate the law. An injunction simply prevents Collezione from doing that which the law already prohibits. See Jobete Music Co., 713 F. Supp. at 179 (citing Milene Music v. Gotauco, 551 F. Supp. 1288, 1295 (D.R.I. 1982)) (A "copyright owner is entitled to an injunction provided that there is 'a

7

substantial likelihood of further infringement.'"). Balancing these relative hardships, an injunction in favor of Plaintiff is warranted.

**C. The Issuance of an Injunction Serves the Public Interest**

Collezione argues that the public interest would not be served by a permanent injunction because the public has an interest in the free use of design elements on furniture and the dissemination of creative works, as well as obtaining affordable furniture and the use of designs in the public domain. However, there is substantial public interest in preserving a copyright holder's exclusive rights. A copyright, like a patent, is a form of property and is "the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals, and the incentive to further efforts for the same important objects." eBay Inc. v. Mercexchange, LLC, ___ U.S. ___, ___, 126 S. Ct. 1837, 1840 (2006) (citing Fox Film Corp. v. Doyal, 286 U.S. 123, 127, 52 S. Ct. 546 (1932)). Accordingly, a copyright holder possesses "the right to exclude others from using his property." Id.

This court found that Collezione's actions infringed on the copyright of UFI, confused the public, misrepresented the origin of the furniture, and constituted an unfair and deceptive trade practice. The public's interest is not served by permitting the

8

sale of furniture that is the subject of this dispute. The public interest, therefore, is best served by the issuance of an injunction.

**III. Collezione's Motion for Stay of Injunction**

Much of Collezione's argument against an injunction is based upon Collezione's belief that it is likely to succeed on appeal. In fact, Collezione posits that the court should stay any injunction that it might issue because Collezione's case on appeal is very strong. In support of that contention, Collezione correctly argues that the Fourth Circuit Court of Appeals stated that useful articles as a whole, such as furniture, are not eligible for copyright protection, but individual design elements may be eligible if, and only if, and to the extent they "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." <u>Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.</u>, 196 Fed. Appx. 166, 170 (4th Cir. 2006) (citing 17 U.S.C. § 101). Nevertheless, the Fourth Circuit went on to say:

> By affirming on the basis of Superior Form Builders, we do not intend to categorically exclude Universal's and other comparable design compilations from copyright protection. Rather, we affirm on the failure of appellant to demonstrate the district court abused its discretion in denying a preliminary injunction based on the uncertainty that these

9

> compilations are in fact copyrightable, owing to the
> lack of controlling case law and the sparsity of the
> record. It is our opinion that granting Universal's
> motion would potentially enlarge the law of copyright
> beyond its intended borders by extending copyright
> protection to two entire furniture collections based
> on their "ornate, opulent" look alone.

Id. at 171-72. The Fourth Circuit again noted the limited record in the preliminary injunction appeal when it said, "Universal cannot show on this sparse record the requisite likelihood of success necessary for the broad preliminary injunction." Id. at 172.

It is clear that following the trial, the district court gave significant consideration to the holding of the Fourth Circuit and considered a much more significant factual record than the limited record of a preliminary injunction hearing. (Findings of Fact and Conclusions of Law at 8-17.) In view of the foregoing, Collezione's reliance upon the Fourth Circuit's opinion as a basis for objecting to the injunction or in support of a stay of the injunction is misplaced.

Additionally, Collezione's motion for a stay was premature, as the court had not issued an injunction at the time Collezione filed its motion. See, e.g., Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626, 627 (6th Cir. 1979). Moreover, filing a motion in a responsive pleading is not allowed by the Rules of Practice and Procedure of the United States District

10

Court for the Middle District of North Carolina.  Local Rule 7.3(a) states that "[a]ll motions . . . shall be set out in a separate pleading."  LR7.3(a).

Even assuming that the motion for stay was properly filed, this court cannot find a basis to grant it.  Courts consider the granting of a stay to be "an extraordinary remedy."  <u>Adams v. Walker</u>, 488 F.2d 1064, 1065 (7th Cir. 1973) (citing <u>Belcher v. Birmingham Trust Nat'l Bank</u>, 395 F.2d 685, 686 (5th Cir. 1968)).  In analyzing a motion to stay an injunction, a court uses the same legal test as that employed in determining whether to issue an injunction.  <u>See</u> <u>Syngenta Crop Prot., Inc. v. United States EPA</u>, 202 F. Supp. 2d 437, 448 (M.D.N.C. 2002) ("The test for granting a stay mirrors that in determining whether to issue a preliminary injunction.").  This test requires a party to show "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay."  <u>Long v. Robinson</u>, 432 F.2d 977, 979 (4th Cir. 1970) (citation omitted).  The court, in having to review these factors in deciding to issue the injunction, has already considered "the relative hardships to the parties of the relief sought, in light of the probable outcome of the appeal."

11

Indianapolis Colts v. Baltimore, 733 F.2d 484, 486 (7th Cir. 1984) (citing Adams v. Walker, 488 F.2d 1064 (7th Cir. 1973)). In doing so, the court found that: (1) there is not a strong likelihood Defendant will prevail on appeal, (2) Plaintiff, not Defendant, would suffer irreparable harm absent an injunction, and (3) the public interest is best served by the issuance of an injunction. Accordingly, this court will deny Collezione's motion for stay and strike it from the record since it does not comport with this district's Local Rules of Practice and Procedure.

**IV. CONCLUSION**

For the reasons set forth herein, this court will grant UFI's Motion for Permanent Injunction.

IT IS ORDERED that Collezione's Motion to Stay Any Injunction Pending Appeal (Doc. No. 206) is DENIED.

A permanent injunction and order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This 30th day of November 2007.

                                              /s/ William L. Osteen, Jr.
                                              United States District Judge

12

Case 1:04-cv-00977-WO-PTS   Document 213   Filed 11/30/07   Page 12 of 12